IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TYRONE EVERETT PAYNE, | CV 17-00166-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND |
| | RECOMMENDATIONS OF UNITED |
| KRISTINA CROWLEY, individual | STATES MAGISTRATE JUDGE |
| capacity only and T.J. MCDERMOTT, | |
| individual and official capacity, | |
| Defendants. | |

Plaintiff Tyrone Payne filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint alleging false arrest and false imprisonment (Doc. 2). The motion to proceed in forma pauperis will be granted but the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Payne filed his motion to proceed in forma pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.)  The request to proceed in forma pauperis will be granted.

Because he is incarcerated, Payne must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  Payne submitted an account statement showing

1

an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Payne will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Payne must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*  By separate order, the Court will direct the facility where Payne is held to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  INITIAL SCREENING

Payne is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in

2

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is malicious if not pleaded in good faith.  *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain  . . .  a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  There is a two-step procedure to determine whether a complaint's allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.  First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

3

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. ANALYSIS

### A. Factual Background

On August 21, 2016 at approximately 8:45 a.m., Payne was arrested in Missoula, Montana on charges of indecent exposure, open container, and a parole

4

violation.  (Arrest information sheet, Doc. 2 at 26.)  A law enforcement record

indicates that at 9:04 a.m. "Kristina from PV says do hold."  On August 22, 2017,

probation and parole officer Sean Goeddel issued a written "authorization to pick

up and hold Probationer" which indicated that Payne was arrested on August 21,

2016 and charged with indecent exposure and that he tested positive for

methamphetamine during a UA on August 22, 2106.  (Doc. 2 at 29.)

Payne complains that he was put on a "parole" hold on August 21, 2017

even though he was only on probation.  Therefore, he contends that his

incarceration from August 21, 2017 until August 22, 2017 was unconstitutional

and the resulting UA violated his due process rights.

On August 25, 2016, the State filed a petition to revoke Payne's probation

alleging he violated laws, used methamphetamine, and failed to properly report.

The court set bail at $50,000.00.  An evidentiary hearing was held on September

28, 2016 and the state district court found Payne in violation of the following

conditions of probation:  failing to check in with probation officer, violations of

laws, and admission of methamphetamine use.  On October 4, 2016, the court

revoked Payne's prior sentence and sentenced him to Montana State Prison for

three years with no time suspended.  (Payne's Appellant Brief, *State v. Payne*,

Montana Supreme Court No. DA 16-0702 filed June 7, 2017).

**B.  Legal Analysis**

Payne alleges Defendants violated his procedural and/or substantive due process rights under the Fourteenth Amendment to the United States Constitution by incarcerating him from August 21, 2016 at 9:04 p.m. until August 22, 2016 at 9:04 a.m..  He alleges that a field warrant was not delivered within 12 hours of his arrest and therefore he should have been released.  In addition, he contends he was wrongfully required to provide a urine sample.

"To prevail on his § 1983 claim for false arrest and imprisonment, [a plaintiff] would have to demonstrate that there was no probable cause to arrest him."  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998).  A plaintiff may also base a due process claim on his " 'constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release.' "  *See Lee v. City of Los Angeles*, 250 F.3d 668, 683 (9th Cir. 2001) (internal quotation marks and citation omitted).

Payne's suggestion that he was somehow entitled to release because he was initially held on a "parole hold" as opposed to a "probation hold" is frivolous.  Payne was arrested for indecent exposure while he was on probation.  As a result of that incident, a petition to revoke his probation was filed, bail was set, he was found to have violated several conditions of his probation, and was sentenced to

6

three years in prison.  To the extent that there is even a chance that he was

wrongfully held, he was given credit for time served.  (Payne's Appellant Brief,

*State v. Payne*, Montana Supreme Court No. DA 16-0702 filed June 7, 2017 at p.

8).

      In addition, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994),

Payne cannot challenge the alleged unlawful incarceration because his probation

was ultimately revoked and he was given credit for time served.  In *Heck*, the

Supreme Court held that if a judgment in favor of a plaintiff on his civil rights

claim necessarily will imply the invalidity of an underlying conviction or sentence,

the claim must be dismissed unless the plaintiff can demonstrate that the

conviction or sentence already has been invalidated.  *Id.* at 486-87; *see also*

*Guerrero v. Gates*, 442 U.S. 697, 703 (9th Cir. 2006) (*Heck* barred civil rights

claims brought by plaintiff who had pled guilty alleging wrongful arrest, malicious

prosecution, and conspiracy among police officers to bring false charges against

him); *Cabrera v. City of Huntingon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck*

barred plaintiff's civil rights claims for false arrest and false imprisonment until

conviction was invalidated).  The proscription of *Heck* applies to the prosecution

of a § 1983 based upon the alleged invalidity of a probation revocation.  *See*

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Baskett v. Papini*, 245 Fed.Appx.

677 (2007); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)(per curiam)(*citing Jackson v. Vannoy*, 49 F.3d 175 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995).  Payne's probation was revoked and he appealed that revocation to the Montana Supreme Court.  That appeal is pending and therefore Payne cannot show that his revocation has been invalidated.

Payne's allegations regarding an improper urine test also fail as a matter of law.  He seems to contend that the UA test done on August 22, 2016 was improper because Sheriff McDermott promulgated a policy for urine testing as a condition of release to parole.  Payne seems to argue that he was on probation and not on parole and therefore should not have been subjected to this policy.  However, condition 10 of his suspended sentence provided that he was required to submit to bodily fluid testing for drugs or alcohol on a random or routine basis and without reasonable suspicion.  (Brief of Appellee, *State v. Payne*, Montana Supreme Court No. DA 16-0702 filed June 7, 2017 at p. 4.)  In addition, the propriety of the UA test and whether Payne had a sufficient opportunity to confront witnesses regarding the test is an issue on appeal to the Montana Supreme Court and therefore a judgment in favor of Payne on this issue could arguably imply the invalidity of his revocation.  *See Heck*, 512 U.S. 477.

Payne's allegations regarding the UA test on August 22, 2016 fail to state a

federal claim upon which relief may be granted.

## IV.  CONCLUSION

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Payne has failed to state a claim upon which relief may be granted.  These are defects which could not be cured by amendment.  This matter should be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a

9

claim.  28 U.S.C. §1915(g).  Payne has failed to state a claim upon which relief

may be granted and his pleadings are frivolous and present an "obvious bar to

securing relief."  *Washington v. Los Angeles County Sheriff's Department*, 833

F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*,

765 F.3d 999, 1004 (9th Cir. 2014)).  The dismissal of this case should constitute a

strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

### ORDER

1.  The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc.

2) to remove the word "LODGED" and the Complaint is deemed filed on

December 6, 2017.

Further the Court issues the following:

### RECOMMENDATIONS

1.  This matter should be dismissed.  The Clerk of Court should be directed

to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of

Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain that the Complaint filed in this case are frivolous as they lack arguable substance in law or fact.

3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  Payne failed to state a claim upon which relief may be granted and his pleadings present an "obvious bar to securing relief."

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Payne may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Payne is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 14th day of December, 2017.

_/s/ Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge