IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



TYRONE EVERETT PAYNE,

    Plaintiff,

vs.

KRISTIN CROWLEY, individual capacity only and T.J. MCDERMOTT, individual and official capacity,

    Defendants.

CV 17–166–M–DLC–JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this case on December 14, 2017, recommending that Plaintiff Tyrone Everett Payne's ("Payne") claims should be dismissed for failure to state a claim. Payne timely filed objections to the findings and recommendations. Consequently, he is entitled to a de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a

-1-

mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Lynch found that Payne's claim for false arrest and imprisonment fails because he was legitimately arrested for indecent exposure while he was on probation. After he was arrested, a petition was filed to revoke his probation, bail was set, and he was sentenced to three years in prison with credit for time served. Pursuant to *Heck v. Humprey*, 512 U.S. 477, 486–487 (1994), a § 1983 claim is without merit unless the plaintiff can show that his revocation violation has been invalidated. Here, Payne is unable to establish that his revocation has been invalidated because it is still on appeal to the Montana Supreme Court.

In regards to Payne's claim regarding an improper urine test, Judge Lynch found that this claim fails because his conditions of release that he agreed to subjected him to urine testing. The Court agrees with Judge Lynch's analysis on both claims.

Payne objects and first argues that (1) Judge Lynch did not adequately address his *Swift v. California*, 384 F.3d 1184, 1191–1192 (9th Cir. 2004) claim, and (2) he was not on parole and was only on probation and thus could not have been on a "parole hold." (Doc. 6 at 2–9.) Payne also contends that the parole field warrant was not delivered to the detention facility within 12 hours following

his arrest. (Doc. 6 at 11.) The Court finds that these arguments were already made before and properly rejected by Judge Lynch. *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y.2012).

Next, Payne objects to Judge Lynch's finding that Payne's distinction between parole and probation is "frivolous." (Doc. 6 at 12.) Payne contends that if "any officer wanted a violation of probation charge instead, they could have, but did not, move the county attorney for Payne's return to custody, under § 46–23–1012(1), after Payne's parole release, under § 46–23–1023(2)." (Doc. 6 and 14.) He argues that confining a person without a valid warrant is cognizable under § 1983. The Court concludes that Judge Lynch properly found that even though the arresting officers may have put him on a "parole hold," the distinction between the words "parole" and "probation" does not warrant a § 1983 claim. Moreover, Payne was being held due to his arrest for indecent exposure and open container, and he does not dispute that there was probable cause to arrest him for those offenses.

Finally, Payne objects that Judge Lynch did not analyze his claim against Defendant McDermott and instead found that his urine test claim was meritless. (Doc. 6 at 19.) The Court finds that Judge Lynch properly analyzed Payne's claim regarding a violation of his due process rights for taking a urine test in its

entirety, and that analysis included Defendant McDermott's alleged actions in the Complaint. The Court agrees with Judge Lynch that Payne's conditions of probation included urine testing.

Payne further submitted five supplements to his objections. (Docs. 7, 8, 9, 10, and 11.) The Court reviewed those supplements and finds no error in Judge Lynch's findings.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 4) are ADOPTED IN FULL.

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Complaint filed in this case is frivolous as it lacks arguable substance in law or fact.

3. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Payne failed to state a claim upon which relief may be granted and his pleadings present an "obvious

bar to securing relief."

DATED this 20th day of April, 2018.

Dana L. Christensen, Chief Judge
United States District Court